IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 24-CR-00082-SEH |
| **DAKOTA CHRISTY,** | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is the government's opposed motion to determine Indian Country as a matter of law. [ECF No. 55]. For the reasons provided below, the motion is granted.

A federal grand jury charged Defendant Dakota Christy with attempted robbery in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 2111, assault with a dangerous weapon with intent to do bodily harm in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 113(a)(3), and assault resulting in serious bodily injury in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 113(a)(6). [EFC No. 2]. The government anticipates testimony that Christy committed the crimes charged at the vicinity of East 73rd Street, located behind Tulsa's Incredible Pizza Company at 8314 East 71st Street, Tulsa, Oklahoma. [ECF No. 55 at 2].

The government seeks a pretrial determination, as a matter of law, that the vicinity of East 73rd Street, located behind Tulsa's Incredible Pizza Company at 8314 East 71st Street, Tulsa, Oklahoma is within the boundaries of the Muscogee (Creek) Nation, and therefore within Indian Country, as defined by 18 U.S.C. § 1151(a). [ECF No. 55]. Although the defendant stipulates that the location is within Indian Country, he objects to the government's motion on the ground that the jury must determine whether the alleged offenses occurred within Indian Country. [ECF No. 57 at 1].

"As a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site." *United States v. Roberts*, 185 F.3d 1125, 1139 (10th Cir. 1999). Therefore, a trial court "makes the jurisdictional ruling a particular tract of land or geographic area is Indian Country, and then instructs the jury to determine whether the alleged offense occurred there." *Id*.

Because the government is the party invoking the Court's jurisdiction, it bears the "burden of persuading this court by a preponderance of the evidence that the court has jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). "Indian Country" includes "all land within the limits of any Indian reservation under the jurisdiction of the United States Government." 18 U.S.C. § 1151.

The Muscogee (Creek) Nation's reservation was created by federal law. "In a series of treaties, Congress not only "solemnly guaranteed" the land but also "establish[ed] boundary lines which will secure a country and permanent home to the whole Creek Nation of Indians." *McGirt v. Oklahoma*, 591 U.S. 894, 899–900 (2020). The reservation's initial boundaries were created in 1833. *See* Treaty with the Creeks, Art. II, Feb. 14, 1833, 7 Stat. 418. Following the American Civil War, the size of the reservation was reduced, and it took on the familiar shape it retains to the present day. Treaty Between the United States and the Creek Nation of Indians, Art. III, June 14, 1866, 14 Stat. 786.

The government submits for the Court's review images and a link to a map of the Muscogee (Creek) Nation showing that the vicinity of East 73rd Street, located behind Tulsa's Incredible Pizza Company at 8314 East 71st Street, Tulsa, Oklahoma is located within the Muscogee (Creek) Nation's Reservation boundaries. [ECF Nos. 55, 55-1]. The Court finds that the government has carried its burden of showing by a preponderance of the evidence that the location of the charged events is within Indian country. A jury, however, must determine whether the alleged crimes occurred at this location.

IT IS THEREFORE ORDERED that the government's motion to determine Indian Country as a matter of law [ECF No. 55] is GRANTED.

DATED this 31st day of March, 2025.

*Sara E. Hill*
_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE